UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JEFF A. SREDL, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:23-CV-068-TLS-JEM |
| MONTICELLO CITY OF, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Jeff A. Sredl, a prisoner without a lawyer, filed a complaint. ECF No. 1. Under 28 U.S.C. § 1915A, the Court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Sredl alleges he received a letter from the City of Monticello regarding his house and property while he was incarcerated at the St. Joseph County Jail. The "Notice of City of Monticello Unsafe Building and Nuisance Ordinance Violations and Order to Abate Nuisance," which is attached to the Complaint,[1] indicates Sredl had thirty days from April 18, 2023, to abate

---

[1] At the screening stage, district courts may also consider documents attached to the pleadings, as long as the documents are referred to in the complaint and central to the claims. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

the nuisance located on his property in accordance with both city ordinances and state code. ECF No. 1-1. Specifically, the condition of his property located at 714 Bluewater Dr. Monticello, IN was described as:

> an unsafe building, as well as a nuisance under section 95 of the Monticello Code of Ordinances and Indiana Code 32-30-6-6, due to the unoccupied building situated thereon being in such dilapidated condition that it is unfit for human habitation, presents a more than ordinarily dangerous fire hazard in the vicinity, and constituters a hazard to pubic health, safety and welfare.

*Id*. at 1. Sredl was given thirty days to demolish and remove the structure and its contents, "unless a hearing before the Monticello Board of Public Works and Safety is requested by you in writing and delivered within such time to the office of the Monticello mayor." *Id*. Sredl was further advised that if he did nothing, fines, a lien, or other action including legal proceedings could commence. *See id*.

Sredl alleges he sent the "City of Monticello" a letter describing his "situation"—presumably related to being incarcerated, although he does not provide details of the letter's contents—and asking for additional time to address the condition of the house and property. ECF No. 1 at 2. Sredl received a second notice approximately two weeks later dated June 21, 2023, which set a hearing date on the matter. *See* ECF No. 1-1 at 2. Specifically, an "Order for and Notice of Hearing on Demolition and Removal of Unsafe Building Order of the City of Monticello," which is also attached to the complaint, indicates a hearing was set for July 19, 2023, and advised Sredl that either he or an attorney had the opportunity to present evidence and arguments to dispute the demolition order at the hearing. *See id*. The notice further advised that, at the conclusion of the hearing, the Hearing Authority may make findings to either affirm, rescind, or modify the order, "but unless you, or your counsel, is present at the hearing, the Hearing Authority may modify the Order only in a manner that makes its terms less stringent." *Id*.

2

Sredl claims he was not given "any time to address this matter." ECF No. 1 at 2. He states he has "no clue if my house is still standing or not." *Id*. at 2–3. He does not describe any further action taken by himself or the City. *See id*. He has sued the City of Monticello and the White County Building Inspector for monetary damages to compensate him for the replacement value of his house and personal property. *Id*. at 4.

As an initial matter, Sredl admits he does not know whether his house has been demolished or is still standing. He does not allege that any final order has been issued by the housing authority or the city. His Complaint alleges only that the most recent correspondence he received relates to notice of the public hearing scheduled for July 19, 2023,[2] and he further indicates the City of Monticello is charging him $50.00 a day "to have it still standing." ECF No. 1 at 3. Based on these allegations, it is unclear whether his claims for monetary damages for the replacement value of his home and personal property are ripe. *See e.g., The Church of Our Lord and Savior Jesus Christ v. City of Markham, Ill.*, 913 F.3d 670, 676 (7th Cir. 2019) (citing *Wis. Right of Life State Political Comm. v. Barland*, 664 F.3d 139, 148 (7th Cir. 2011)) ("The ripeness doctrine arises out of the Constitution's case-or-controversy requirement, as claims premised on uncertain or contingent events present justiciability problems."); *Lehn v. Holmes*, 364 F.3d 862, 867 (7th Cir. 2004) (quoting *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir. 1992)) ("Cases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts."). That said, Sredl's request for damages includes "any and all other costs involved," *see* ECF No. 1 at 4, which may plausibly include potential fines if the house is still standing.

In any event, assuming the action is ripe, Sredl has not stated any plausible claims. Although it is not entirely clear, Sredl appears to be attempting to bring Fourteenth Amendment

---

[2] His Complaint is signed and dated well after the scheduled hearing date. *See* ECF No. 1 at 4.

3

due process claims related to his house and personal property.³ With regard to substantive due process, states may enact statutes and "adopt such measures as are reasonable for the protection of the people's health, and remove the causes that menace it." *Baker v. Mueller*, 222 F.2d 180, 182 (7th Cir. 1955). A state may destroy property that is considered a "public nuisance," and when it does so "it is acting within its traditional police power." *Hendrix*, 420 Fed. App'x 589 at 592 (citing *McKenzie v. City of Chicago*, 118 F.3d 552, 557 (7th Cir. 1997). The owner of a property that has been deemed a nuisance "does not reap a benefit from the state because his property has to be razed to cure the nuisance." *Id*. (citing *Texaco, Inc. v. Short*, 454 U.S. 516, 530 (1982). Rather, "[i]t's just one of the many burdens that attach to living in a civilized society." *Id*.

In this case, the relevant city ordinances incorporate Indiana statutory unsafe building laws. *See* Monticello, Ind. Code of Ordinances, Title III, Ch. 32, § 32.70–32.72 (Dep't of Unsafe Buildings) & Title IX, Ch. 95, § 95.02–95.06 (Nuisances); *see also* Ind. Code § 36-7-9-1 & Ind. Code § 32-30-6-6 ("Whatever is . . . injurious to health . . . so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action."). The initial notice described Sredl's property as an unsafe nuisance due to the unoccupied building in dilapidated condition which presented a fire and other public health safety hazard. *See* ECF No. 1-1 at 1; *see also* Monticello, Ind. Code of Ordinances, Title IX, Ch. 95, § 95.02(D) ("Any building, mobile home or other structure which is in such a dilapidated condition that it is unfit

---

³ To the extent he is attempting to claim a violation of the Takings Clause of the Fifth Amendment, that claim is a non-starter because "the Takings Clause does not apply when property is retained or damaged as the result of the government's exercise of its authority pursuant to some power other than the power of eminent domain." *Johnson v. Manitowoc Cty.*, 635 F.3d 331, 336 (7th Cir. 2011); *see also Hendrix v. Plambeck*, 420 Fed. App'x 589, 592 (7th Cir. 2011) ("The state may destroy property that is a public nuisance, and that is very different from taking property for public use, or from depriving a person of his property without due process of law." (cleaned up)).

for human habitation, or kept in such an unsanitary condition that it is a menace to the health of people residing in the vicinity thereof, or presents a more than ordinarily dangerous fire hazard in the vicinity where it is located."). Sredl does not dispute that characterization of his property, and he does not allege that he abated the nuisance; rather, he simply claims no one was in danger because "[n]o one lives there" and because he had "NO TRESPASSING signs all over my property." ECF No. 1 at 2. The fact that he posted no trespassing signs does not negate a potential fire or public health hazard. Therefore, Sredl's allegations do not state a plausible due process claim. *See e.g., Hendrix*, 420 Fed. App'x at 592 ("The building was a nuisance, and when [the owners] refused to fix it, the City had to have it razed. Their neglect does not entitle [the plaintiff] to compensation.").[4]

To the extent Sredl alleges his procedural due process rights under the Fourteenth Amendment of the Constitution were violated, these claims fare no better. The general rights guaranteed by due process are "notice of the intended adverse government action and an opportunity to be heard in response," although additional procedural rights can apply in certain cases where fundamental private interests are at issue. *Simpson v. Brown Cnty.*, 860 F.3d 1001, 1006 (7th Cir. 2017). To prevail on a due process claim, a plaintiff must show he had a protected property interest, was deprived of that interest by state action or an individual acting under color of state law, and was denied due process. *Booker-El v. Superintendent*, 668 F.3d 896, 900 (7th Cir. 2012); *see also Ellis v. Sheahan*, 412 F.3d 754, 756 (7th Cir. 2005) ("The plaintiff had to show that the property was taken away from her without notice and the opportunity for a hearing at which she could try to contest the deprivation.").

---

[4] "In fact, when, as here, the owner retains title to the property, the City has the right to place a lien against the property for the cost of razing the building." *Hendrix*, 420 Fed. App'x at 592.

As noted above, Sredl admits he received the initial notice—which described the parcel at issue, the reasoning for declaring it a nuisance, the relevant ordinances and codes that applied, the deadline for abatement, the potential fines, and the procedures for requesting a hearing on the matter—prior to the expiration of the thirty-day demolition deadline. He admits he then requested *and was granted* a hearing. The second notice, dated June 21, 2023, set forth the date, time, and location of the public hearing,[5] advised him that he and any person with an interest in the property could appear "in person or by counsel at the hearing," informed him he was entitled to "present evidence, cross-examine opposing witnesses, and present arguments" and that at the conclusion of the hearing, the hearing officer could make findings and take action to either affirm the original demolition order, rescind it, or modify it. ECF No. 1-1 at 2. It cautioned him that if he or counsel did not appear, the order could only be modified to make its original terms "less stringent." *Id*. Finally, the notice advised Sredl of the possibility of fines being imposed in accordance with the relevant ordinances and statutes. *Id*. at 1. Sredl admits he received the notice of the hearing,[6] but he does not explain what happened after that. Importantly, he does not allege that he or an attorney on his behalf attended the hearing, and he does not explain what action was taken by the City as a result. Thus, he has not stated a procedural due process claim either. *See Hendrix*, 420 Fed. App'x at 592 ("We have found that much less notice than what the City gave

---

[5] The hearing was scheduled for July 19, 2023, approximately one month after the second notice was issued.

[6] Sredl states he received the original notice ten days before the original thirty-day demolition deadline was set to expire. That notice is dated April 18, 2023, and thirty days after that is May 18, 2023, which means Sredl admits he received it by May 8, 2023. He also alleges he received the second notice about the hearing "like two weeks later," although he does not give an exact date. In any event, Sredl does not allege, and it is not plausible to infer, that he did not receive the second notice in advance of the July 19, 2023, hearing. *See* ECF No. 1-1 at 2 (indicating the notice was to be "served by personal service by law enforcement or civil process server").

satisfies any procedural due process concerns." (citing *Pierce v. Vill. of Divernon, Ill.*, 17 F.3d 1074, 1079–80 (7th Cir. 1994))).[7]

This Complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this Complaint, Sredl may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form, including addressing the issues mentioned above.

For these reasons, the Court hereby:

(1) GRANTS Jeff A. Sredl until **June 18, 2024**, to file an amended complaint; and

(2) CAUTIONS Jeff A. Sredl if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current Complaint does not state a claim for which relief can be granted.

SO ORDERED on May 15, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

---

[7] The Court notes that even if Sredl had stated a plausible claim, the case faces other potential hurdles. For example, assuming the state court abatement issue is still ongoing, the *Younger* doctrine may prevent the federal court from interfering in the state's civil enforcement proceedings. *See generally Younger v. Harris*, 401 U.S. 37 (1971); *see also Sprint Commc'n., Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (noting that the *Younger* abstention doctrine has been extended to cases "akin to criminal prosecutions" and those that "implicate a State's interest in enforcing the orders and judgments of its courts").